**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:22-cv-00986-RMR-STV**

DONQUENICK YVONNE JOPPY,

    Plaintiff,

v.

HCA-HEALTHONE LLC d/b/a
THE MEDICA CENTER OF AURORA,
BONNIE ANDREWS, and
KATIE WEIHE

    Defendants.

**DEFENDANTS' MOTION FOR LEAVE TO RESTRICT ACCESS TO THE PARTIES'
PROPOSED SCHEDULING ORDER
AT ECF #35**

Defendants' HCA-HealthONE LLC d/b/a The Medical Center of Aurora, Bonnie Andrews and Katie Weihe (collectively, "Defendants"), pursuant to D.C.COLO.LCivR 7.2, respectfully move this Court for an Order restricting public access to the Proposed Scheduling Order filed by the Parties on July 21, 2022 at ECF #35 and in support state as follows:

**Certificate of Compliance with D.C.COLO.LCivR 7.1(a):** Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel conferred with counsel for Plaintiff regarding the relief requested in this motion at the July 6, 2022 hearing before the Court. Counsel for Plaintiff indicated at the July 6 hearing that Plaintiff opposes the relief requested herein.

## SUPPORT FOR LEVEL 1 RESTRICTION

1.      Pursuant to D.C.COLO.LCivR 7.2, the Court may restrict public access to documents filed with the Court, subject to the considerations set forth therein.

2.      As the parties discussed during the July 6, 2022 hearing before the Court and pursuant to the Court's Minute Order related to that hearing, *see* ECF #28, Defendants are seeking an Order from the Court to maintain the Level 1 Restriction for the Proposed Scheduling Order filed by the Parties on July 21, 2022, *see* ECF #35.

3.      In the Proposed Scheduling Order, the parties discuss the Protected Health Information ("PHI") of a purported patient at Defendants' hospital.  Defendants in this case indisputably are required to protect the privacy and security of PHI as they, and Defendants' attorneys, are "covered entities" pursuant to the Health Insurance Portability and Accountability Act of 1996 Privacy Rule ("HIPAA") and its implementing regulations, which impose national standards to protect individuals' medical records and other PHI.  Plaintiff, as a nurse, was also required to comply with HIPAA and that obligation does not disappear when her employment terminates.  In the Proposed Scheduling Order, particularly within the parties' respective Statements of Claims and Defenses, Plaintiff included a host of PHI of a purported patient, just as she did in her Complaint in this matter.  Accordingly, in order to respond to Plaintiff's Statement of the Claims and Defenses, Defendants also had to include confidential PHI to provide crucial context as to their position in this case.  Although this information will allow the Court to understand the contours of this case, the Proposed Scheduling Order further draws attention to the PHI that Plaintiff already revealed through her filings submitted to this point, thus compounding the violation by Plaintiff.  The privacy interests of the purported patient at

2

issue—which are plainly protected by HIPAA—therefore outweigh the presumption of public access.

4.      The injury that would occur through unrestricted access of the Proposed Scheduling Order is clear.  Indeed, not only would this lead to a violation of HIPAA itself, it also would allow for further dissemination of a purported patient's PHI in which both they and their family have a strong privacy interest.  Accordingly, restriction of the Proposed Scheduling Order is necessary to protect this purported patient's privacy and sensitive information.

5.      Until the entry of a qualified protective order, which Defendants have moved for entry before the Court, *see* ECF #20, or another appropriate order issued at the conclusion of the motions hearing and Scheduling Conference scheduled for July 28, 2022, there is nothing in place to protect the further significant and far-reaching dissemination of the purported patient's PHI.  Additionally, the pleadings in this matter can be appropriately redacted after the entry of the qualified protective order sought by Defendants, to which Plaintiff currently objects.  Thus, no viable alternatives exist beyond restriction of the Proposed Scheduling Order until the Court determines how best to handle the disclosure of PHI in this matter.

6.      Defendants therefore seek to maintain the Level 1 Restriction currently applied to the Proposed Scheduling Order at ECF #35.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Proposed Scheduling Order filed by the Parties on July 21, 2022 at ECF #35 be restricted to Level 1 access.

Respectfully submitted this 21st day of July, 2022.

                                                    *s/ Lisa Hogan*
Lisa Hogan, #14132
Bridget C. Dupey, #53958
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, CO   80202-4432
Telephone:     303-223-1100
Fax:                303-223-1111
Email:             lhogan@bhfs.com
                      bdupey@bhfs.com

*Attorneys for Defendants*

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of July, 2022, I electronically filed a true and correct copy of the foregoing **DEFENDANTS' MOTION FOR LEAVE TO RESTRICT ACCESS TO THE PROPOSED SCHEDULING ORDER AT ECF #35** with the clerk of Court via the CM/ECF system which will send notification of such filing to the following counsel of record:

Jennifer C. Robinson
ROBINSON & ASSOCIATES LAW OFFICES LLC
7900 East Union Avenue, Suite 1100
Denver, CO 80237
Telephone: (303) 872-3063
Fax: (303) 766-9237
Email: jrobinson@raemployment.com

*Attorney for Plaintiff*

> *s/Kate M. Meade*
> Kate M. Meade, Paralegal
> BROWNSTEIN HYATT FARBER SCHRECK, LLP
> 410 17th Street, Suite 2200
> Denver, CO 80202
> *phone:* 303-223-1100; *fax:* 303-223-1111

24457868

5