IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-00986-CNS-STV

DONQUENICK YVONNE JOPPY,

    Plaintiff,

v.

HCA-HEALTHONE LLC d/b/a THE MEDICAL CENTER OF AURORA, BONNIE ANDREWS, BREANNE BURLEY, and LINDSAY JORDAN,

    Defendants.

---

## ORDER

---

Before the Court is Plaintiff's Objections to Magistrate Judge's March 5, 2024 Order Continuing Plaintiff's Deposition and Granting Defendants a Second Extension of the Discovery Deadline to Conduct an Independent Medical Examination. ECF No. 233. For the reasons stated below, the Court overrules Plaintiff's objections and affirms Magistrate Judge Scott T. Varholak's rulings.

### I.    RELEVANT PROCEDURAL BACKGROUND

On March 5, 2024, Magistrate Judge Varholak held a hearing on various discovery disputes and issued rulings on those disputes. ECF No. 223 (March 5, 2024 Courtroom Minutes/Minute Order). Two of those rulings are at issue. *First*, Magistrate Judge

1

Varholak granted Defendants' motion to reopen Plaintiff's deposition for one hour. *Id.* at 2. He ordered the deposition to be conducted via Zoom (Plaintiff lives in Massachusetts), and he did "not put a limit on what can be asked." *Id. Second*, Magistrate Judge Varholak extended the deadline for Defendants to disclose the names of the doctors who will conduct Plaintiff's Independent Medical Examination (IME) until March 29, 2024. *Id.* at 1.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 72(a) provides a party the opportunity to object to a magistrate judge's order on a non-dispositive pretrial matter. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (district courts must "defer to the magistrate judge's ruling" on non-dispositive matters "unless it is clearly erroneous or contrary to law" (citations omitted)). "[M]ere disagreement with [a] Magistrate Judge['s] recommendation does not make the recommendation incorrect or outside the bounds of his authority." *Witt v. Colorado*, No. 22-CV-02242-CNS-NRN, 2023 WL 345960, at *1 (D. Colo. Jan. 20, 2023) (quotation marks and citation omitted).

## III.  ANALYSIS & ORDER

Plaintiff objects to (A) the reopening of her deposition for one additional hour, and (B) Defendants being given additional time to identify new doctors to conduct Plaintiff's IME, which Magistrate Judge Varholak ordered must be conducted in Massachusetts where Plaintiff resides. Because the Court finds that Magistrate Judge Varholak's rulings are neither clearly erroneous nor contrary to law, the Court overrules Plaintiff's objections.

### A.  Plaintiff's Continuation Deposition for One Hour via Zoom

In a January 8, 2024 ruling on an earlier discovery dispute, Magistrate Judge Varholak reopened Plaintiff's deposition after determining that Plaintiff failed to timely disclose certain documents. *See* ECF No. 177 (Courtroom Minutes/Minute Order). He limited Plaintiff's deposition—the third one in this case—to 3.5 hours. *Id.* at 2. He also limited the deposition to seven topics identified in his order. *Id.* at 1–2 ("The court will permit the reopening of the deposition on those limited topics identified by the court for a total of 3.5 hours.").

That third deposition took place on February 28, 2024. There, Plaintiff's counsel objected to certain lines of questioning that she believed were outside the scope of the topics set forth in Magistrate Judge Varholak's January 8 order. ECF No. 233 at 4. Instead of merely lodging her objections, she instructed her client not to answer the questions. *Id.*

At the March 5, 2024 hearing, Plaintiff's counsel argued that her objections were consistent with the scope of Magistrate Judge Varholak's prior rulings. Magistrate Judge Varholak disagreed with Plaintiff's characterization of his own ruling. ECF No. 233-3 (March 5, 2024 hearing transcript) at 34:5–35:21. He thus found Plaintiff's objection improper and ordered Plaintiff to sit for one additional hour of deposition without any limits. *Id.* at 35:5–8.

Plaintiff argues this ruling was an abuse of discretion and contrary to law because her objections were proper under Federal Rule of Civil Procedure 30(c)(2), and Magistrate Judge Varholak's ruling amounts to a Court-sanctioned fishing expedition. ECF No. 33 at 6. The Court is not persuaded by either argument.

3

To be sure, Federal Rule of Civil Procedure 30(c)(2) provides that counsel "may instruct a deponent not to answer . . . to enforce a limitation ordered by the court." But Magistrate Judge Varholak is in the best position to determine whether Plaintiff was, in fact, enforcing the limitations he set.[1] To avoid any doubt, at the March 5, 2024 hearing, Magistrate Judge Varholak reviewed his transcript from the earlier discovery hearing where he made his rulings, finding Plaintiff's objections at the deposition baseless. ECF No. 233-3 at 33:14–34:11.

In regard to Plaintiff's "fishing expedition" argument, Plaintiff offers no support, much less argument, that Defendants intend to go outside the bounds of relevant topics. The Court expects Defendants' counsel to be professional and ask questions within the scope of discovery. If Plaintiff's counsel still has issues with the questions, she may object to form, but absent matters involving privilege, the Court expects Plaintiff to answer the questions. And of course, Plaintiff may file appropriate pretrial motions seeking to exclude lines of questioning that she believes are irrelevant.

Finally, Magistrate Judge Varholak provided a sound reason for not limiting the deposition to certain topics. ECF No. 233-3 at 35:5–16, 36:3–12. Because of the countless discovery disputes in this lawsuit, the Court will not override that ruling. This Court has the inherent power to control its docket, and more importantly, a responsibility

---

[1] *See, e.g.*, *Crocs, Inc. v. Effervescent, Inc.*, No. 06-CV-00605-PAB-KMT, 2021 WL 8084962, at *1 (D. Colo. Sept. 15, 2021) ("This court has dealt with the parties in this case on discovery issues for many years. Based on this familiarity and the arguments of counsel on the issues that were before the court at the time, the court found that the Counterclaim Plaintiffs were engaged in gamesmanship and were manipulating discovery to gain a tactical advantage, not for purposes of furthering the litigation. The behavior was so obstreperous – in a case already riddled with intense litigation maneuvering – that sanctions were warranted.").

to manage its cases in an expeditious manner. That's exactly what Magistrate Judge Varholak was attempting to effectuate with his ruling—a ruling this Court will not disturb.

In sum, the Court does not find that Magistrate Judge Varholak's ruling was contrary to law and therefore defers to his ruling. *See Allen*, 468 F.3d at 658. Even accepting as true counsel's representation that her instructions not to answer "were an attempt to enforce a limitation ordered by the Court," ECF No. 333 at 5, a review of the relevant orders and transcripts shows that she was wrong. Therefore, Magistrate Judge Varholak's sanction—reopening the deposition for one hour without a scope limitation—was appropriate. *See* Fed. R. Civ. P. 30(d)(2) ("The court may impose an appropriate sanction . . . on a person who impedes, delays, or frustrates the fair examination of the deponent.").

Accordingly, Plaintiff's objection is overruled.

### B.  Plaintiff's Independent Medical Examination

In yet another discovery hearing, Magistrate Judge Varholak granted Defendants' motion to conduct an IME of Plaintiff. ECF No. 233-4 (January 30, 2024 hearing transcript) at 24:9. Magistrate Judge Varholak granted Defendants until February 29, 2024, to complete the IME. *Id.* at 19:12–13 (setting February 29 as the deadline to complete all discovery). Magistrate Judge Varholak gave Defendants two options: conduct the IME in Massachusetts, where Plaintiff resides; or conduct the IME remotely. *Id.* at 25:9–16. Nearing the February 29 deadline, Defendants notified Magistrate Judge Varholak that they could not meet the deadline. ECF No. 233 at 8.

At the March 5, 2024 discovery hearing, Defendants represented that the IME could not be conducted in Massachusetts by their previously retained Colorado doctors—even if the IME was conducted via Zoom—because the evaluation would equate to the improper practice of medicine by a non-licensed Massachusetts physician. ECF No. 233-3 at 29:17–20. Magistrate Judge Varholak therefore extended the deadline by a month for Defendants to identify a Massachusetts-licensed doctor to conduct the IME. *Id.* at 30:6–8; ECF No. 223. The court did not set a deadline for when the IME must occur. ECF No. 223 (ordering Defendants to disclose doctors who will conduct IME by March 29, 2024).

Plaintiff argues in her objection that this ruling was contrary to law because Magistrate Judge Varholak did not consider whether good cause existed under Fed. R. Civ. P. 16(b)(4) to modify the schedule. ECF No. 233 at 6–7, 9–10. Plaintiff, however, did not raise Rule 16(b)(4) before Magistrate Judge Varholak. *See* ECF No. 238-2 (Plaintiff's Discovery Dispute Statement) at 2–3. And as Defendants correctly point out, it would be improper for this Court to "consider new arguments raised in objections that were not considered by the magistrate judge." *See Noe v. United States*, No. 21-CV-01589-CNS-STV, 2022 WL 4354617, at *2 (D. Colo. Sept. 20, 2022) (citing *Colorado v. Kindred Healthcare, Inc.*, No. 15-CV-02759-CMA, 2021 WL 1085423, at *11 (D. Colo. Mar. 22, 2021)); *Parks v. Persels & Assocs., LLC*, 509 B.R. 345, 357 (D. Kan. 2014) ("Generally, courts do not consider new arguments and new evidence raised in objections to a magistrate judge's report and recommendation that were not raised, and thus were not considered, by the magistrate judge." (quoting *Grant v. Bradt*, 2012 WL 3764548, at *4

6

(S.D.N.Y.2012) (internal quotation marks and citation omitted))).[2] Thus, the Court overrules Plaintiff's objection as to this ruling.

### IV. CONCLUSION

Consistent with the above analysis, the Court OVERRULES Plaintiff's Objections to Magistrate Judge's March 5, 2024 Order Continuing Plaintiff's Deposition and Granting Defendants a Second Extension of the Discovery Deadline to Conduct an Independent Medical Examination. ECF No. 233. Should the parties have disagreements as to the timing of these matters, they shall contact Magistrate Judge Varholak *only if necessary.*

DATED this 9th day of April 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

---

[2] Even so, the Court finds that good cause exists for the modest extension of time to retain new doctors to conduct the IME. For the reasons stated in Defendants' brief, Defendants appear to have been diligent in attempting to retain the appropriate doctors to complete the IME in the relatively short amount of time granted by Magistrate Judge Varholak. Even if he did not expressly state that good cause existed to extend the deadline by one month, he still is in the best position to determine whether Defendants have been diligent in their efforts to complete discovery. *See Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) ("Good cause means that scheduling deadlines cannot be met despite a party's diligent efforts." (quotation marks and citation omitted)).