IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-00986-CNS-STV

DONQUENICK YVONNE JOPPY,

    Plaintiff,

v.

HCA-HEALTHONE LLC d/b/a THE MEDICAL CENTER OF AURORA, BONNIE ANDREWS, BREANNE BURLEY, and LINDSAY JORDAN,

    Defendants.

---

## ORDER

---

Before the Court is Defendants' Objection to Magistrate Judge's April 23, 2024 Order finding that a Board of Nursing Letter of Concern is privileged. ECF No. 258. For the reasons stated below, the Court SUSTAINS the objection and respectfully VACATES the Magistrate Judge's order.

### I.    FACTUAL BACKGROUND

This dispute centers on Plaintiff's conduct as a licensed registered nurse at the Medical Center of Aurora (TMCA). On May 24, 2019, Plaintiff turned off the ventilator on Patient X during his end-of-life treatment. ECF No. 167 (Third Am. Compl.), ¶ 106.

Colorado's State Board of Nursing (BON) licenses and regulates registered nurses, such as Plaintiff. Colo. Rev. Stat. § 12-255-107(1)(b)(I)(A).[1] When the Board of

---

[1] "The board has the following powers and duties . . . to examine, license, certify, reactivate, and renew licenses or certifications of qualified applicants . . . to engage in the practice of practical nursing and professional nursing, the practice as a certified midwife, or the practice of a nurse aide . . . . Licenses and certifications issued pursuant to this article 255 are subject to the renewal, expiration, reinstatement, and

1

Nursing is advised of alleged misconduct by a licensed nurse, it may investigate and send the nurse a confidential letter of concern. Colo. Rev. Stat. § 12-255-119(3)(b) and (3)(c)(III–IV). A letter of concern is sent to a licensed nurse when an instance of conduct occurs that does not warrant formal action by the board but could lead to serious consequences if not corrected. Colo. Rev. Stat. § 12-255-119(3)(c)(III).

Here, the Colorado Department of Public Health and Environment reported Plaintiff's actions regarding Patient X to the Board of Nursing. ECF No. 173, ¶¶ 170–71. In December 2021, the Board of Nursing issued a letter of concern regarding Plaintiff's May 2019 conduct.[2] ECF No. 246-5 at 74:21–75:5.

## II.     PROCEDURAL BACKGROUND

During discovery, Defendants requested documents related to Plaintiff's nursing license or any discipline pertaining to her license, and any communications with the Board of Nursing concerning the Patient X incident. ECF No. 246-6 at 2; ECF No. 246-7 at 2. Plaintiff initially did not object to either document request, stating that she would produce the requested documents. ECF No. 246-8 at 2; ECF No. 246-9 at 2. On December 5, 2023, during her second deposition, Plaintiff revealed the existence of the Board of Nursing's Letter of Concern. ECF No. 258 at 5.

The Letter of Concern was the subject of multiple discovery hearings. On January 8, 2024, Magistrate Judge Varholak ordered Plaintiff to produce any Board of Nursing

---

delinquency fee provisions specified in section 12-20-202(1) and (2)." Colo. Rev. Stat. § 12-255-107(1)(b)(I)(A).

[2] Per § 12-255-119(3)(c)(III), "on completion of an investigation, the inquiry panel shall make a finding that... an instance of conduct occurred that does not warrant formal action by the board and that should be dismissed, but that indications of possible conduct by the nurse or certified midwife were noted that could lead to serious consequences if not corrected. In such a case, the board shall send a confidential letter of concern in accordance with section 12-20-404 (5) to the nurse or certified midwife against whom the complaint was made."

records not yet produced. ECF No. 177 at 1–2. On January 17, 2024, Plaintiff amended her response to Defendants' document request, objecting to it as not relevant and as confidential. ECF No. 246-10 at 2–3. On January 30, 2024, Magistrate Judge Varholak ordered Plaintiff to request the Letter of Concern from the Board of Nursing and produce it if received. ECF No. 233-4 at 12:2–12; 16:4–22; 17:15–18:17. On March 5, 2024, Plaintiff's counsel stated that Plaintiff had requested the Letter of Concern from the Board of Nursing, but the Board of Nursing indicated that it was confidential and would not be provided to her. ECF No. 258 at 5–6. Plaintiff then asserted that the Letter of Concern was privileged pursuant to *Colorado Medical Board v. Office of Administrative Courts* and § 12-30-204. *Id.* at 6; *Colo. Med. Bd. v. Office of Admin. Courts.*, 333 P.3d 70 (Colo. 2014).

Magistrate Judge Varholak concluded that any privilege belongs to the Board of Nursing, not Plaintiff, and permitted Defendants to subpoena the Letter of Concern directly from the Board of Nursing. ECF No. 233-3 at 3:12–4; 6:7–7:17; 11:17–12:16. On March 6, 2024, Defendants issued the subpoena. ECF No. 246-13. On March 7, 2024, the Board of Nursing's counsel told Defendants that they provided Plaintiff's counsel with a copy of the Letter of Concern, thus satisfying the subpoena. *Id.* Plaintiff still did not produce the Letter of Concern. ECF No 258 at 6.

On March 20, 2024, Magistrate Judge Varholak ordered each side to submit a position statement explaining whether Plaintiff should be required to disclose the Letter of Concern. ECF No. 246-14 at 11,15–21, 12:2–9, 14:15–22. The parties submitted their position statements on April 16, 2024. ECF No. 246; ECF No. 247. At the April 24, 2024 hearing, Magistrate Judge Varholak acknowledged that the language in § 12-30-204

3

limited its application to specific license types (i.e., physicians, advanced practice nurses, and certified midwives), but he focused on the language establishing the statutory privilege in § 12-30-204(11)(a),[3] which, he observed, "seemed to apply much more broadly." ECF No. 253 at 9–12. Plaintiff argued that, in footnote 3 of *Colorado Medical Board*, the Colorado Supreme Court determined that the Colorado Medical Board was a professional review committee entitled to the protection of its records pursuant to § 12-36.5-104 (now § 12-30-204) and that the same result should apply here. *Id. a*t 12:15–13:3. Magistrate Judge Varholak agreed, ruling that § 12-30-204 applied and that the Board of Nursing is a professional review committee entitled to the protection of its records*. Id.* at 13:12–15:3.

Objecting to the ruling, Defendants argued that Magistrate Judge Varholak made two mistakes: (1) misconstruing the statute as applying to registered nurses despite there being no basis in the statutory text to do so, and (2) failing to consider Defendants' arguments that Plaintiff waived the opportunity to raise this "privilege" or that this "privilege" belongs only to the Board of Nursing, not Plaintiff. ECF No. 258 at 8.

After reviewing the statutory provisions at issue, this Court ordered the parties to submit supplemental briefing to address the application of § 12-255-119(9)(b) to the issue. With additional time to investigate the nuances of Colorado's statutory scheme, the Court finds that neither party presented Magistrate Judge Varholak with sufficient statutory analysis to determine whether the Letter of Concern was privileged. In applying

---

[3] Section 12-30-204 establishes professional review committees, their functions, and their rules. Subsection 11(a) states that, "the records of an authorized entity, its professional review committee, and its governing board are not subject to subpoena or discovery and are not admissible in any civil suit."

the appropriate statute, the Court is left with a definite and firm conviction that a mistake has been made in determining that the Letter of Concern is privileged.

### III.     LEGAL STANDARD

When a Magistrate Judge issues a recommendation on a non-dispositive matter, it will be affirmed unless it is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). Therefore, objections will be overruled unless the Court finds that the Magistrate Judge abused their discretion, or if, after viewing the record as a whole, the Court is left with a "definite and firm conviction that a mistake has been made." *Ariza v. U.S. West Comm'ns*, Inc., 167 F.R.D. 131, 133 (D. Colo. 1996).

### IV.     ANALYSIS

Regarding Defendants' argument that Magistrate Judge Varholak misconstrued §12-30-204(11)(a) as applying to registered nurses despite there being no basis in the statutory text to do so, the Court agrees. The statute explicitly applies to three distinct groups of people: those (1) regulated under the Colorado Medical Board; (2) licensed as advanced practice registered nurses; and (3) licensed as certified midwives. Plaintiff is a registered nurse, regulated by the Colorado Nursing Board, and therefore, based on the express language, § 11(a) does not apply to Plaintiff.

This conclusion is supported by review of the Nurse and Nurse Aide Practice Act (NNAPA), § 12-255-102 *et al.*, which *does* apply to Plaintiff. NNAPA is the comprehensive vehicle through which nurses are regulated in Colorado. Indeed, NNAPA was specifically enacted to establish a regulated authority to govern nurses. Colo. Rev. Stat. § 12-255-102(1). The statute bestows enforcement power on the State Board of Nursing and gives

5

it broad powers over the licensing and discipline of nurses. See Colo. Rev. Stat. § 12-255-107. As pertinent here, § 12-255-119 is the disciplinary provision to which nurses are subject. It is undisputed that the complaint against Plaintiff was reported, investigated, and ultimately disposed of pursuant to this provision. Therefore, one need look no further than § 12-255-119 for the answer to whether the Letter of Concern must be produced.[4]

Specifically, § 12-255-119(9)(a) makes two things clear: (1) investigations and other procedures of the Board of Nursing are exempt from the open meeting requirement of the Colorado Sunshine Act of 1972; but (2) records of disciplinary action taken by the board pursuant to § 12-255-119 shall be open to the public pursuant to the open records provision of Article 72 of Title 24. Therefore, two questions follow: (1) Was the Letter of Concern a disciplinary action? and (2) Does the open records provision permit disclosure?

### A. Disciplinary Action Under § 12-255-119(9)(b)

Plaintiff argues that § (9)(b) does not apply to the Letter of Concern because the Letter of Concern is not a "disciplinary action." ECF No. 295 at 1–2. The NNAPA forecloses this argument. Under § 12-255-119(3)(c)(III), a Letter of Concern is listed as one of the options resulting from "disciplinary procedures." Moreover, should one need further confirmation, the broader statutory scheme that Plaintiff asserts governs this case also makes clear that a Letter of Concern is a type of "disciplinary action" that may issue under a regulator's broad "disciplinary authority." Colo. Rev. Stat. § 12-20-404(5).[5] Thus,

---

[4] The court rejects the notion that § 12-30-204 applies in all cases for nurses when they are specifically regulated by the Board of Nursing. NNAPA is the legislatures specific direction that nurses operate within a separate and distinct framework. Certainly, certain provisions of § 12-30-204 might apply when NNAPA does not speak to an issue, but here, the issue is directly addressed by NNAPA.

[5] Section 12-20-404(5) relates to the general powers and duties of divisions, boards and commissions, specifically disciplinary actions and regulator powers.

6

the Court rejects Plaintiff's argument that "no formal action" is equivalent to the absence of a "disciplinary action" under the relevant statute. The Board of Nursing exercised its statutory authority to investigate the complaint and issue a form of disciplinary action, which although was not formal, was surely one of the disciplinary mechanisms available under the statutory scheme.

### B.  Colorado Open Records Act

Because the Letter of Concern is a disciplinary act subject to § (9)(b), it is open to public inspection subject to the Colorado Open Records Act (CORA).[6] Under CORA, when a requested record is "confidential," it only may be provided to the "person in interest." Colo. Rev. Stat. § 24-72-203(1)(a). The person in interest is defined as "the person who is the subject of a record." Colo. Rev. Stat. § 24-72-202(4). In defining a Letter of Concern, the statute specifically deems the Letter of Concern "confidential." Colo. Rev. Stat. § 12-255-119(3)(c)(III). That does not end the inquiry. Although the Letter of Concern is confidential, confidentiality is not privilege and therefore not a basis to withhold relevant, responsive documents. *Collins v. Trans Union, LLC*, No. 14-CV-00742-RBJ-NYW, 2015 WL 1932044, at *4 (D. Colo. Apr. 28, 2015) (holding that "confidentiality does not equate to privilege"); *Church v. Dana Kepner Co.*, No. 11-CV-02632-CMA-MEH, 2013 WL 24437, at *3 (D. Colo. Jan 2, 2013) (holding that documents are not immune from discovery merely because they are confidential). Therefore, in this case, Plaintiff is the "person in interest" and can (and did) properly obtain a copy of her Letter of Concern from the Board of Nursing. Magistrate Judge Varholak correctly ordered Plaintiff to request the letter and produce it to Defendants if received. ECF No. 208 at 18:16–19:4.

---

[6] Colo. Rev. Stat. § 24-72-203.

Additionally, Defendants' reliance on *Spacecon Specialty Contractors, LLC v. Bensinger*, 2010 WL 3927783 (D. Colo. Oct.1, 2010), is well placed. In *Spacecon*, the Court ordered a state agency to produce confidential records after considering the following balancing test: whether (1) there is a legitimate expectation of nondisclosure; (2) disclosure is required to serve a compelling interest; and (3) disclosure will occur in a manner least intrusive to the right of confidentiality. *Id.* at *5. In the present case, after balancing these factors, the Letter of Concern contains relevant information that Plaintiff has directly placed at issue given the scope of her claims, particularly her malicious prosecution claim, and there is not a less intrusive alternative to obtain it.

## V.     CONCLUSION

The Letter of Concern is a record of a disciplinary action under § 12-255-119(b), was appropriately obtained by Plaintiff under Colorado Open Records Act, and Defendants have a compelling need for production of the Letter of Concern. Therefore, the Court SUSTAINS the objection and respectfully VACATES the order of Magistrate Judge Varholak. Plaintiff shall produce the Letter of Concern to Defendants within three calendar days of the issuance of this order.

DATED this 9th day of October 2024.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge