IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-00986-CNS-STV

DONQUENICK YVONNE JOPPY,

     Plaintiff,

v.

HCA-HEALTHONE LLC, d/b/a The Medical Center of Aurora,

     Defendant.

---

## JURY INSTRUCTIONS

---

## CLOSING INSTRUCTIONS

Closing Instructions given 8/18/2025

**Instruction No. 1**

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers may properly refer to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates I have any opinion about the facts of the case. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**Instruction No. 2**

Plaintiff Joppy has the burden in a civil action, such as this, to prove every essential element of her claims by a preponderance of the evidence. If Plaintiff Joppy should fail to establish any essential element of her claim by a preponderance of the evidence, you should find for Defendant as to that claim.

"To prove by a preponderance of the evidence" means to prove something is more likely than not so. In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**Instruction No. 3**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations and other organizations stand equal before the law, and are to be treated as equals.

**Instruction No. 4**

A corporation may act only through natural persons who are its agents or employees. Generally, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.

**Instruction No. 5**

Generally speaking, there are two types of evidence presented during a trial—direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence. A greater degree of certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

**Instruction No. 6**

You are to consider only the evidence in the case. You are not limited, however, to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

**Instruction No. 7**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's opinion is outweighed by other evidence, you may disregard the opinion entirely.

**Instruction No. 8**

You have heard reference in this case to the Attorney General's decision to pursue manslaughter charges against Ms. Joppy related to the actions discussed in this case. This Court has already determined that the Hospital (including its employees and the report the Hospital made to the Colorado Department of Public Health and Environment) did not cause any actions taken by the Attorney General that you have heard.

**Instruction No. 9**

Any finding of fact you make must be based on probabilities, not possibilities. You should not guess or speculate about a fact.

**Instruction No. 10**

The lawyers for both parties have highlighted certain parts of some large exhibits. However, it is for you to determine the significance of the highlighted parts.

**Instruction No. 11**

Charts and summaries have been shown to you in order to help explain facts disclosed by books, records, and other documents in evidence in the case. These charts or summaries are not themselves evidence or proof of any facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

The charts and summaries are used only as a matter of convenience. To the extent that you find they are not truthful summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

**Instruction No. 12**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness's intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness's ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**Instruction No. 13**

You have heard significant evidence throughout this case about the entirety of Plaintiff Joppy's employment. However, the legal questions before you to decide, as a jury, by a preponderance of the evidence, relate solely to those claims listed in these instructions. Plaintiff Joppy is not pursuing a hostile work environment claim.

**Instruction No. 14**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**Instruction No. 15**

Plaintiff Joppy's claim of race discrimination is brought under a federal law known as Section 1981 of the Civil Rights Act of 1866, as amended, also known as Section 1981.

Section 1981 provides in pertinent part as follows:

(a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens.

For purposes of Section 1981, the term "make and enforce contracts" includes the making and termination of contracts.

**Instruction No. 16**

Plaintiff Joppy claims that Defendant's termination of her constitutes racial discrimination.

In order for Plaintiff Joppy to establish her claim for race discrimination under Section 1981, she must prove the following by a preponderance of the evidence:

1. Defendant terminated Plaintiff Joppy; and

2. Defendant would not have terminated Plaintiff Joppy but for her race.

Regarding the second element, race must be a "but-for" cause of the adverse employment action. Plaintiff Joppy's race does not need to be the sole cause of Defendant's action, but Plaintiff Joppy must show that it played a part.

If you find that Plaintiff Joppy has failed to prove either or both of these propositions by a preponderance of the evidence, then you must find against her on her discrimination claim and in favor of Defendant. If, on the other hand, you find that Plaintiff Joppy has proved both propositions by a preponderance of the evidence, then you must find in her favor and against Defendant.

**Instruction No. 17**

Plaintiff Joppy's claim for retaliation is also brought under Section 1981. The purpose of Section 1981 is to protect the rights of individuals to be free from workplace discrimination. The anti-retaliation protection in Section 1981 provides that it is unlawful for an employer to retaliate against an individual because she in good faith opposed what she believed were discriminatory or retaliatory employment practices.

**Instruction No. 18**

Plaintiff Joppy claims that Defendant's termination of her amounts to retaliation.

In order for Plaintiff Joppy to establish her claim for retaliation under Section 1981, she must prove the following by a preponderance of the evidence

1.  Plaintiff Joppy complained about what she reasonably believed was race discrimination;

2.  Defendant terminated Plaintiff Joppy; and

3.  Defendant would not have terminated Plaintiff Joppy but for Plaintiff Joppy's protected activity.

Regarding the third element, retaliation or retaliatory motive must be a "but-for" cause of the adverse employment action. Plaintiff Joppy's protected activity does not need to be the sole cause of Defendant's action, but Plaintiff Joppy must show that it played a part.

**Instruction No. 19**

Plaintiff Joppy claims that Defendant's stated reasons for its termination of Plaintiff Joppy are not the true reasons, but instead are a pretext (an excuse) to cover up for race discrimination and/or retaliation. If you do not believe one or more of the reasons Defendant offered for the termination, then you may, but are not required to, infer that race and/or retaliation was a factor that made a difference in Defendant's termination decision. Plaintiff Joppy need not disprove every reason stated by Defendant in order to prove pretext.

Plaintiff Joppy may show that Defendant's stated reasons for its decision are pretextual (not the true reason) in any of several ways. Some examples of ways (although these are not the only ways) in which you may determine that Defendant's stated reasons are pretext are:

- Evidence that any one of Defendant's stated reasons for the termination are false, contradictory, or implausible;

- Evidence that Defendant exhibited disturbing procedural irregularities in dealing with Plaintiff Joppy, such as acting contrary to its policy or established practice, including the alleged lack of a fair investigation;

- The criteria used to evaluate the employee was entirely subjective; or

- Prior treatment of Plaintiff Joppy.

In reaching your verdict on Plaintiff Joppy's discrimination and retaliation claims, you should keep in mind that the law does not require an employer to use good judgment, to make correct decisions, or even to treat its employees fairly. Therefore, in deciding Plaintiff Joppy's discrimination and retaliation claims, it is not your function to second-guess Defendant's business decisions or act as a personnel manager, unless you find that the decisions were motivated, in whole or in part, by illegal discrimination and/or retaliation. In evaluating Defendant's asserted business judgment, you must examine whether business judgment was truly employed or whether it was merely used as a pretext or to cover up for illegal discrimination or retaliation.

**Instruction No. 20**

That concludes the part of the instructions relating to Plaintiff Joppy's claims for relief. I will now instruct you on the law relating to damages.

The fact that I am instructing you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of Plaintiff Joppy from a preponderance of the evidence in the case in accordance with the other instructions.

Difficulty or uncertainty in determining the precise amount of any damages does not prevent you from deciding an amount. You should use your best judgment based on the evidence.

**Instruction No. 21**

If you find that Defendant unlawfully discriminated or retaliated against Plaintiff Joppy, then you must determine an amount that is fair compensation for her losses. You may award compensatory damages for injuries that Plaintiff Joppy proved were caused by Defendant's wrongful conduct. The damages that you award must be fair compensation, no more and no less.

You may award damages for any emotional distress, pain, suffering, inconvenience or mental anguish that Plaintiff Joppy experienced as a consequence of the wrongful conduct. No evidence of monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for setting the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at trial.

**Instruction No. 22**

In determining the amount of Plaintiff Joppy's actual damages, you cannot reduce the amount of or refuse to award any such damages because of any mental health conditions of Plaintiff Joppy that may have made her more susceptible to injury, disability, or impairment than an average or normal person.

**Instruction No. 23**

You are not to award damages for any injury or condition from which Plaintiff Joppy may have suffered, or may now be suffering, unless it has been established by a preponderance of the evidence in the case that such injury or condition was caused by Defendant's discrimination or retaliation.

**Instruction No. 24**

If you return a verdict for Plaintiff Joppy, but find that she has failed to prove that she suffered any damages, then you must award Plaintiff Joppy the nominal amount of $1.00.

**Instruction No. 25**

If you find that Defendant intentionally discriminated and/or retaliated against Plaintiff Joppy, the law allows, but does not require, an award of punitive damages. The purpose of an award of punitive damages is to punish a wrongdoer for misconduct, and also to provide a warning to others.

You may award punitive damages if you find that Defendant engaged in discrimination or retaliation with malice or with reckless indifference to the right of Plaintiff Joppy to be free from such intentional discrimination or retaliation. In order to find Defendant liable for punitive damages, you must find that Defendant discriminated or retaliated in the face of a perceived risk that its actions would violate federal law.

In deciding the amount of punitive damages, you may consider the following:

1. The offensiveness of the conduct;

2. The amount needed, considering Defendant's financial condition, to prevent the conduct from being repeated; and

3. Whether the amount of punitive damages bears a reasonable relationship to the actual damages awarded.

Where discriminatory acts on the part of Defendant's managerial employees were contrary to Defendant's good faith efforts to comply with the law by implementing and enforcing policies and programs designed to prevent unlawful discrimination, you shall not award punitive damages.

**Instruction No. 26**

You may use the notes taken by you during the trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

**Instruction No. 27**

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You also cannot learn from outside sources about the case, the matters in the case, the legal issues in the case, or individuals or other entities involved in the case. You may not use any electronic device or media, the Internet, any Internet service, any text or instant messaging service to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

**Instruction No. 28**

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

**Instruction No. 29**

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement. Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Third, your verdict must be based solely on the evidence and on the law that I have given to you in these instructions. In order to return a verdict, it is necessary that each juror agree. In other words, the verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise my clerk my clerk or Courtroom Deputy that you are ready to return to the courtroom.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

I will now read the verdict form to you:

**Instruction No. 30**

If it becomes necessary during your deliberations to communicate with me, you may send a note by Ms. Dynes, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing. I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

From the oath about to be taken by Ms. Dynes, you will note that she too is forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to me—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.