UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00986-CNS-STV

DONQUENICK YVONNE JOPPY,
        Plaintiff,
v.
HCA-HEALTHONE LLC d/b/a THE MEDICAL CENTER OF AURORA,
        Defendant.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS [ECF #411]**

Dated: November 17, 2025

Martine T. Wells, #42340
Andrew D. Barr, #49644
GREENBERG TRAURIG, LLP
1144 15th Street, Suite 3300
Denver, Colorado 80202
Tel: 303-572-6500
martine.wells@gtlaw.com
andrew.barr@gtlaw.com

David D. Powell Jr., #16152
GARNETT POWELL MAXIMON
BARLOW & FARBES
1125 17th Street, Suite 2200
Denver, CO 80202
Tel: 303-991-3344
david.powell@garnettlegalgroup.com

*Attorneys for Defendant HCA-HealthONE LLC d/b/a The Medical Center of Aurora*

Defendant HCA-HealthONE LLC d/b/a The Medical Center of Aurora ("Hospital") opposes certain of the fees and expenses sought by Plaintiff in her Motion (ECF #411) and requests that Plaintiff's vague time entries, block-billed time and unreasonable and/or unnecessary fees be reduced or excluded, certain of Plaintiff's hourly rates be reduced, and Plaintiff's non-taxable costs be denied.

**ARGUMENT**

This Court should adjust the fee award requested by Plaintiff because: (1) many of Plaintiff's time entries do not have sufficient detail to allow Defendant or this Court to assess the claimed fees; (2) for records that are detailed enough to assess, it is apparent some of the requested fees and costs are unreasonable and/or unnecessary; (3) some of the requested hourly rates are unreasonable for this type of case in the Denver market; and (4) many of Plaintiff's non-taxable costs cannot be passed on to Defendant.

I.   Some of Plaintiff's Time Records Are Insufficient and Must Be Excluded

Under 42 U.S.C. § 1988, a party seeking an award of attorneys' fees has the burden to establish the reasonableness of each dollar and each hour for which the party seeks an award. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995). A district court should reduce attorney fees when the attorney's time records are "sloppy and imprecise" or "fail to document adequately how [the attorney] utilized large blocks of time." *Case v. Unified School Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998) (quoting *Jane L.*, 61 F.3d at 1510). When documentation is inadequate, courts may "simply reduce the award" rather than requiring precise identification of specific unreasonable hours. *Valdez v. Macdonald*, 66 F.4th 796, 836 (10th Cir. 2023).

1

"Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, *contemporaneous* time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case*, 157 F.3d at 1250 (emphasis added). Though contemporaneous time records are not a "*per se* absolute requirement" to obtain attorney fees, "often contemporaneous time records will be necessary in order for the fee applicant to carry ... the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Carter v. Sedgwick Cnty., Kan.*, 929 F.2d 1501, 1506 (10th Cir. 1991) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). This requirement ensures that billing entries explain the specific nature of work performed—rather than using generic descriptions like "conference" or "legal research" without indicating the subject matter or participants—so that the fee award is not inflated or unreasonable. *Case*, 157 F.3d at 1252-53.

For example, in *Case*, the court found certain billing entries inadequate where they contained vague descriptions such as "memo" for 0.3 hours, "research" for one hour, or "draft outline" for one hour, noting that these "provide less detail than is required in a billing statement submitted for an award of fees." *Id*. at 1252. This is because the key inquiry is whether submitted records "sufficiently allow[] the court to determine the time allotted by her attorneys to specific tasks and the reasonableness of that time." *Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1215 (10th Cir. 2000).

Here, Plaintiff provided a 141-page pdf chart (ECF #411-2, "Exhibit") of what she

2

describes as a "consolidated, chronological record of all time entries."[1] (Motion at 4). But neither the Motion nor the associated affidavits explain critical information regarding the Exhibit such as how it was prepared, whether it captures "contemporaneous" time entries verbatim, where the information in the description column came from or why some entries include parentheticals with hourly increments, but others do not. In short, there is no basis on which the Court can find that the exhibit "establish[es] entitlement to an award [by] documenting the appropriate hours expended and hourly rates." *Carter*, 929 F.2d at 1506.

In addition to these basic failures of proof, the Exhibit is also unreliable given that it sometimes contains multiple rows for the same day but other times merges different tasks into one entry or includes clearly inaccurate time entries (*e.g.*, an attorney seeking fees for emailing himself, (ECF #411-2 at 86, RML's 3.60 entry on April 1, 2025) and entries for the same "meeting" lasting wildly different amounts of times, (*id.*, *compare* June 4, 2025 LRS entry of 1.90 *with* JCR's entry of 1.00 on same day.)). It also aggregates all timekeepers into one document despite them being at different law firms and despite many of them not joining the case until years after the case was filed. The Exhibit also cites ECF numbers for pleadings even when the ECF number is unlikely to have been part of a contemporaneous time entry because the referenced ECF number would not have been known while the pleading was being drafted. (*See, e.g.,* ECF #411-2 at 135-

---

[1] Defendant twice requested Plaintiff provide an electronic version (in excel format or otherwise) to facilitate its review. Plaintiff refused to do so, explaining that pdfs filed with the Court are electronic, and because the pdf was searchable, nothing further was required. It is unwieldly, however, to search a 141-page pdf. An excel or similar format would have allowed Defendant to more readily review. Accordingly, to facilitate its review, and to create the excerpts contained in Exhibits A-C to this Opposition, Defendant converted Plaintiff's 141-page pdf document to excel.

3

139, referencing "Doc. 406" (a pleading filed on October 8, 2025) on time entries from September 18, 2025, through October 8,2025.)

Further, some of Plaintiff's counsel logged time in six-minute increments (ECF #411-7, ¶ 13) while others used ten-minute increments (ECF #411-1, ¶ 29). Still other entries seem to reflect quarter-hour or other increments. (*E.g.,* ECF #411-2 at 58 (RML May 21, 2024 entry containing increments of (.35), (1.05), (1.75) and two instances of (.15)). The exhibit also contains dozens of entries seeking fees for vague tasks such as "communication," "team meeting" "review documents" or "status update."[2] These non-descriptive time entries are insufficient. *Case*, 157 F.3d at 1252-53.

Most problematic, the Exhibit has numerous instances of block billing that preclude this Court from discerning what tasks were performed. This is not permitted when seeking an attorneys' fee award. *E.g., Robinson v. City of Edmond*, 160 F.3d 1275, 1284 (10th Cir. 1998) (stating that "the use of billing practices that camouflage the work a lawyer does," such as "block billing," "naturally and quite correctly raise suspicions about whether all the work claimed was actually accomplished or whether it was necessary" a concern that "is particularly important in a situation where a party is seeking to have his opponent pay for his own lawyer's work"). To give just a few examples:

- Robinson (1/18/23): 3.0 hours for "Meeting with Consultant. Review statutory information."
- Robinson (11/12/24): 4.8 hours for "Continue exhibit list; final pretrial order input; communication w/ D. Joppy; review backpay issues; review depositions for trial testimony (Doc. 315)."

---

[2] Attached as Exhibit A is a listing of entries totaling approximately 250 hours of time from Plaintiff's consolidated exhibit (ECF #411-2) that lack descriptive content. This may not be an exhaustive list, but are entries that Defendant was able to readily identify.

- Robinson (2/26/24): 8.20 hours for "Research, continue draft of Motion for Sanctions (Doc. 220); communication to opposing counsel."
- Robinson (6/30/25): 5 hours for "Focus Group preparation and presentation; communication w/ team; revisions to opening."

Such entries directly contradict the assertions in Plaintiff's affidavits regarding their timekeeping practices. (*Compare, e.g.,* ECF #411-1, ¶ 29 (describing Robinson Associates' practice of recording time in 10-minute increments) *with* ECF #411-2 at 135-139 (describing Ms. Robinson's time on twenty-two successive days from September 18 to October 8, 2025, each with the exact same block entry, with no breakdown of tasks and often for 12 hours or more each day).).[3]

Defendant is not raising this as a technical foot-fault; instead, many of Plaintiff's time entries do not "sufficiently allow[] the court to determine the time allotted by her attorneys to specific tasks and the reasonableness of that time." *Cadena*, 224 F.3d at 1215. The extent of the deficiencies is highlighted by comparing entries by two different timekeepers for the same day, August 8, 2025. On that day, Ms. Robinson billed 11 hours with the following explanation:

> Final pretrial preparation - refining trial themes, finalizing witness examinations, exhibits, and demonstratives, and coordinating trial team strategy.

For the same day, Mr. Sanford billed 16.6 hours and provides this explanation:

> Telephone conferences with witnesses re testimony (1.3); preparation of witness outlines for trial (7.5); preparation of Opening Statement (2.5); reviewed and prepared demonstrative evidence (1.5); researched hearsay objection issues (.5); preparation of order of witnesses (.8); practiced examination of witnesses (2.5).

---

[3] This entry reads as follows: "Post-trial briefing under Rules 50 and 59 - legal research, record citation, and argument development (Doc. 406)." (ECF #411-2 at 135-139.)

5

(*E.g.*, ECF #411-2 at 125-126, August 8, 2025.) Although Mr. Sanford's 16.6 hours (which includes 7.5 hours devoted to preparing outlines for unidentified witnesses) is excessive, he has provided at least some information as to how he spent that time. Ms. Robinson's block entry, however, is not sufficiently "granular" to meet the standard required by this Court. *Milham v. Perez*, 2005 WL 1925770, at *4 (D. Colo. Apr. 11, 2005) (reducing lodestar by 50 percent where "counsel's billing records [were] not so granular" as to allow the court to "make a precise finding as to what times were spent developing what claims"). Similarly, although Plaintiff's counsel claims to have exercised billing judgment to reduce certain time entries, many such instances are block-billed making it impossible to know how much time was billed to particular tasks in the first instance, let alone how much time should fairly be removed, or for which task the time is being removed. (*E.g.*, ECF #411-2 at 119, JCR July 28, 2025 entry: "Trial Prep; opening statement revisions analysis; witness exam prep (9.20, **less 4.00**).") (emphasis in original).)

This type of block billing does not meet Plaintiff's burden to establish the work performed and that it was "reasonably necessary." Such entries would not be acceptable to a client who was paying on an hourly basis and similarly are not acceptable here. *Case*, 157 F.3d at 1252. Because such block-billing and other vague descriptions permeate Plaintiff's consolidated exhibit, the Court should exercise its discretion and reduce the overall requested fee by at least 25%.

II.     Certain Fees Are Unreasonable and Unnecessary

Once the district court has adequate time records before it (*i.e.*, after the insufficiently detailed entries are removed), it must then ensure that the attorneys have

6

exercised "billing judgment." *Id*. at 1250. "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended." *Id*. "Counsel for the prevailing party" must make a "good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. "In determining what is a reasonable time in which to perform a given task or to prosecute the litigation as a whole, the court should consider that what is reasonable in a particular case can depend upon factors such as the complexity of the case, the number of reasonable strategies pursued, and the responses necessitated by the maneuvering of the other side." *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983), *overruled on other grounds by Penn. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 729 (1987).

Hours that an attorney would not properly bill to her client cannot reasonably be billed to the adverse party, making certain time presumptively unreasonable. *See Case*, 157 F.3d at 1250 (striking time spent doing background research). The district court may reduce the hours awarded if "the number [of compensable hours] claimed by counsel include[s] hours that were unnecessary, irrelevant and duplicative." *Carter v. Sedgwick Cty., Kan.*, 36 F.3d 952, 956 (10th Cir. 1994).[4]

Here, Plaintiff seeks fees and costs for certain categories that should be excluded for being unnecessary, irrelevant, and/or excessive.

---

[4] Plaintiff submitted affidavits purporting to establish the reasonableness of the time entries. (ECF ##411-10 - 411-13.) These affidavits are "not very helpful" as the only relevant consideration is "the discretionary determination by the district court of how many hours, in its experience, should have been expended on the specific case, given the maneuverings of each side and the complexity of the facts, law, and litigation." *Case*, 157 F.3d at 1250.

A. <u>Fees and Costs Related to Disclosed Experts Should Be Excluded</u>

Plaintiff should not be awarded any fees or costs related to the disclosed experts (Ms. Sherrod and Dr. Chambers), including specifically no fees or costs allocated to preparing their expert reports or associated with bringing or defending Rule 702 motions.

This Court excluded Ms. Sherrod under Rule 702. (ECF #290.) It is well-settled that fees and costs related to an excluded expert (including time spent on the motions that ultimately led to the expert's disqualification) are not recoverable because that expert did not advance the trial in any way. *See Port Auth. Police Asian Jade Soc. of N.Y. & New Jersey Inc. v. Port Auth. of N.Y. & New Jersey*, 706 F. Supp. 2d 537, 543 (S.D.N.Y. 2010) (excluding expert witness costs where expert's testimony was precluded from being used at trial); *J.S. Nicol, Inc. v. Peking Handicraft, Inc.*, 2008 WL 4613752, at *13 (S.D.N.Y. Oct. 17, 2008) (reducing attorney fee award for expert report and "any trial preparation concerning the subject matter of that report" when report consisted of "inadmissible" opinions "that most attorneys would know never had a significant chance of surviving a preclusion motion"); *Rogers v. Penland*, 232 F.R.D. 581, 583 (E.D. Tex. 2005) ("To require a party to pay for the costs of a witness who was not even called, and against whom the court had sustained a *Daubert* challenge is manifestly unjust"). No fees or costs associated with Ms. Sherrod should be awarded.

Dr. Chambers was not disclosed as a trial witness, did not appear at trial, and her deposition testimony was not used at trial. Plaintiff abandoned Dr. Chambers' testimony and instead presented a hostile-work-environment style case that had no bearing on any nursing standards of care or other nursing issues. Accordingly, fees and costs associated

with Dr. Chambers' testimony were not necessary or relevant to any issue presented by Plaintiff and should be excluded. *See Vialpando v. Johanns*, 619 F. Supp. 2d 1107, 1130 (D. Colo. 2008) (rejecting "Plaintiff's request for fees for her expert" because plaintiff "has not shown that these witnesses had testimony to give that was relevant to her claim.").

Finally, all of the time Plaintiff allocates to preparing, opposing, and arguing Rule 702 motions must be denied as Plaintiff lost each of these issues (including having her own expert disqualified even after being presented an opportunity to try to remedy the inadequate disclosure through a proffer). (ECF ## 279, 284, 290.) *See Nicol*, 2008 WL 4613752, at *13; *Penland*, 232 F.R.D. at 583.

Attached as Exhibit B is a list of time entries (totaling approximately 289 hours) relating to experts that should be excluded.[5] The Court should also disallow the $9,475 in "non-taxable costs" related to Ms. Sherrod and Dr. Chambers. (ECF #411-8 at 1.)

B. <u>Fees and Costs Related to An Undisclosed "Expert" Should Be Excluded</u>

Plaintiff also seeks costs associated with Hollynd Hoskins, a medical malpractice attorney with whom Plaintiff's litigation counsel apparently consulted. Plaintiff does not seek fees for Ms. Hoskins, but instead includes Ms. Hoskins' invoice as part of her submission of "non-taxable costs." (ECF #411-8 at 4; #411-9 at 41-42.) Plaintiff apparently now claims Ms. Hoskins was an expert (ECF #411-1, ¶ 33), though Ms. Hoskins was not disclosed as an expert in the case and did not appear at trial. This sleight of hand should not be permitted.

---

[5] This does not include time that could not be identified as pertaining to disclosed experts because the time was not sufficiently described or was block billed.

9

There is no basis for Plaintiff to recover fees or costs associated with Ms. Hoskins as an "expert" given that she was never disclosed in that role, did not provide a report, and did not advance Plaintiff's case in any way. In fact, Defendant sought leave to depose Ms. Hoskins if she were going to be permitted to testify at trial, and this Court denied Defendant's request. (ECF #398, July 24, 2025, Tr. at 54:11-12 ("I'm not going to order a depo of Ms. Hoskins.").) Ms. Hoskins' invoice also is not a "contemporaneous" record of time in that it is dated October 27, 2025, and groups multiple *months* of time together in the same entry. The entirety of this claimed "cost" ($14,800) as well as any associated fees by any of Plaintiff's counsel for work related to Ms. Hoskins should be denied.[6]

### C. Fees and Costs Related to Malicious Prosecution Claim Should Be Excluded

Although Plaintiff has excluded some fees related to her malicious prosecution claim, which she lost on summary judgment, she has not excluded all such fees, apparently under a theory that the fees she did not exclude are "intimately related" to the Section 1981 claim. (ECF #411-1, ¶ 28.) Plaintiff is wrong and all time related to the malicious prosecution claim must be excluded.

"[C]laims are related if they are based on a common core of facts or … related legal theories." *Flitton v. Primary Residential Mortg., Inc.*, 614 F.3d 1173, 1177 (10th Cir. 2010) (citing *Jane L.*, 61 F.3d at 1512). "Claims are unrelated if they are 'based on

---

[6] Plaintiff seeks fees for various entries described as "Communication w/ prior counsel re: CDPHE documents" or "Communication with criminal defense attorney" which appear to relate to Ms. Hoskins. The lack of specificity in the time records, and the failure to provide an electronically searchable copy, makes it difficult for Defendant to identify which time entries relate to Ms. Hoskins, but any such entries should be excluded. Time spent communicating with Plaintiff's criminal defense attorney should be denied for the same reasons as set forth in Section II(C).

different facts and legal theories.'" *Zinna v. Congrove*, 2019 WL 1236725, at *7 (D. Colo. Mar. 18, 2019) (quoting *Hensley*, 461 U.S. at 434). When an unsuccessful claim is unrelated to the successful claim, fees should not be awarded for the unsuccessful claim.

Here, Plaintiff's malicious prosecution claim does not share a "common core of facts" with her § 1981 claim and necessarily is based on a different legal theory, making these fees inappropriate. *See Hensley*, 461 U.S. at 435. Indeed, this Court granted summary judgment on the malicious prosecution claim, noting that "what we've got is a complete and utter lack of causation as required by the elements of a malicious prosecution." (ECF #309, Oct. 30, 2024, Tr. at 45:9-11.)

Plaintiff pursued relief under two distinct theories—section 1981 and malicious prosecution—up until Defendant's summary judgment motion was granted. And because Plaintiff's time entries are not detailed enough to allow this Court to confirm whether the entry is related to the § 1981 claim, *supra* I, a percentage reduction of the fee is appropriate. *E.g.*, *Milham*, 2005 WL 1925770, at *4 (reducing by 50% for lack of "granular" entries). Accordingly, Defendant conservatively requests that at least 25% of Plaintiff's fees prior to entry of summary judgment on the malicious prosecution claim be excluded.

D. <u>Five Attorney Timekeepers Preparing For and Attending Trial Is Unreasonable</u>

Plaintiff must demonstrate that the fees it seeks are necessary and reasonable. In a fee application, if "three attorneys are present at a hearing when one would suffice, compensation should be denied for the excess time." *Case*, 157 F.3d at 1250 (quotation marks omitted). As this Court is aware, despite this being a single-plaintiff, single-claim employment case, Plaintiff had *five* attorneys prepare for and attend trial, including

11

attorneys who did not sit at counsel table or speak in open court. Plaintiff has every right to use the team she desires, but Defendant cannot be forced to pay for "excess time." *Id*.

As set forth in Exhibit C, Plaintiff seeks approximately 520 hours of attorney time *just as it relates to trial preparation and trial attendance* between August 5, 2025, and August 19, 2025.[7] To be sure, the days immediately preceding trial through the end of trial are long, but 520 hours (or more than 37 total attorney hours per day every day for 14 straight days) is plainly excessive. This Court should reduce this time by at least 25% to account for a reasonably sized trial team. *Id*.

### E. Excessive Time Entries Are Unreasonable

For the same reason as II(D), *supra*, unreasonably excessive time entries must be excluded. For example, Plaintiff's time records reflect approximately 149 hours by a single timekeeper, Ms. Robinson (more than 3-1/2 full 40-hour work weeks) for preparing and practicing the 30-minute opening statement she gave at trial.[8] Some of these hours are block-billed making it impossible to discern how much time was spent on her opening statement as compared to other tasks. For that reason alone, these hours should be reduced. *See Milham*, 2005 WL 1925770, at *4 (reducing fee request for lack of specificity). But even if one were to conservatively assume that 25% of these 149 hours were spent on other tasks, the remaining time (approximately 111 hours) is still excessive.

---

[7] This tally does not include paralegal time.
[8] This tally does not include an additional approximately 28 hours by other timekeepers or time entries where the reference to "opening" is in a block-billed entry that also refers to focus group work. Giving Plaintiff the benefit of the doubt, Defendant assumed entries which referred to focus group and opening together relate to preparing opening statements for focus group work, not trial.

Plaintiff also seeks to charge Defendant for time spent by new attorneys familiarizing themselves with the case which, as all courts recognize, is a fee that cannot be passed on to the opposing party. *See Case*, 157 F.3d at 1250 (finding attorney time spent on "background research" unreasonable in fee motion).

### III. Certain of Plaintiff's Proposed Hourly Rates Must Be Reduced

A "reasonable rate" is defined as the "prevailing market rate in the relevant community" for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002) (citing *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996)). Unless the subject of the litigation is "so unusual or requires such special skills" that only an out-of-state lawyer possesses, "the fee rates of the local area should be applied even when the lawyers seeking fees are from another area." *Ramos*, 713 F.2d at 555. The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community." *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998) (quotation marks omitted). "A district judge may consider his or her 'own knowledge of prevailing market rates as well as other indicia of a reasonable market rate.'" *Martinez v. Red's Towing*, 2015 WL 4504775, at *3 (D. Colo. July 23, 2015) (quoting *Reichers v. Del. Asset Mgmt.*, 2013 WL 6096136, at *3 (D. Colo. Nov. 20, 2013)).

Here, this Court should reduce Ms. Robinson's hourly rate to $650, Mr. Sanford's hourly rate to no higher than $750 and all paralegals to no more than $200, consistent with what the Denver market supports in other civil rights cases. *E.g.*, *Gray v. S. Park ATV*, 2024 WL 6475186, at *3 (D. Colo. Nov. 1, 2024), *R. & R. adopted,* 2024 WL

13

6475189 (D. Colo. Nov. 26, 2024) (approving hourly partner rates of $465 and associate rates of $350); *Valdez*, 66 F.4th at 838-40 (approving partner rates of $595, associates at $375, and paralegals at $200); *see also United States for use & benefit of RME Ltd., LLC v. Intact Ins. Grp. USA, LLC*, 2023 WL 2837340, at *4-5 (D. Colo. Apr. 7, 2023) (in Miller Act context, approving rates between $585-$650 for partners and $380-$435 for associates). Plaintiff's own self-selected affiants' rates are consistent with this caselaw. (ECF ##411-10-411-13.) For example, Mr. Culver currently charges $550 per hour, and the most he is aware of other Denver Plaintiff-side employment attorneys charging is $750 per hour. (ECF #411-11, ¶ 12.) Similarly, Mr. Lebsack currently charges $600/hour, and Mr. Kimball (with nearly 40 years of experience) charges $750 per hour. (ECF #411-10, ¶10, #411-12, ¶20.) Accordingly, a "reasonable" hourly rate is no more than $650 for Ms. Robinson, no more than $750 for Mr. Sanford, and no more than $200 for paralegals.[9]

## IV. Plaintiff's Requested Non-Taxable Costs Must Be Denied

Plaintiff's request for non-taxable costs should be denied. The costs related to Ms. Sherrod ($2,825.00), Dr. Chambers ($6,650.00), and Ms. Hoskins ($14,800.00) should be denied for the reasons discussed *supra*. (ECF #411-8 at 1.) Costs for local counsel to "travel" to court ($620.28) should be denied as few if any hourly-paying clients would compensate their attorney for local travel. (*Id.* at 2-3.) And costs related to out-of-state counsel's travel ($8,823.06) (*id.* at 3), should be denied because it is unreasonable for Plaintiff to choose attorneys located in Texas when there are an abundance of qualified and available attorneys in Denver (including three whom she had already retained to

---

[9] Defendants do not object to the rates proposed for Ms. Sahli, Mr. Liechty or Ms. Sanford.

14

represent her). True, Plaintiff can choose representation of her liking. But Defendant cannot be forced to pay travel or other unreasonable costs if Plaintiff opts to look beyond the Denver market. *Ramos*, 713 F.2d at 559 ("because there is no need to employ counsel from outside the area in most cases, we do not think travel expenses for such counsel between their offices and the city in which the litigation is conducted should be reimbursed"). According to Plaintiff, Texas counsel was retained "because of the aggressive and high-stakes nature of the case" and due to their "extensive jury experience" and "distinctive trial-consulting and presentation approach." (Motion at 6.) There is nothing "unusual" about this case that required a specific type of trial attorney, and Plaintiff does not claim that Denver is devoid of attorneys with extensive jury experience—nor could she without undermining the expertise of Ms. Robinson, Ms. Sahli, and Mr. Liechty. *See Ramos*, 713 F.2d at 559; *M.B. v. Howard*, 555 F. Supp. 3d 1047, 1079 (D. Kan. 2021) (rejecting a plaintiff's request for travel expenses of out-of-state attorneys where plaintiff failed to explain why local counsel could not conduct the necessary legal counsel themselves).

### V. Plaintiff's Request for Post-Judgment Interest Is Premature

Finally, Plaintiff asks the Court to award post-judgment interest of "$2,745,161.64 from the date of rendition of the Court's order on this motion." (Motion at 15.) Plaintiff offers no explanation for how she calculated this amount or what time period the interest covers. It is simply not possible to calculate an amount now, before the Court has decided fees, before a judgment has been entered and without knowing the time period during which such interest might accrue. The request is premature and should be denied.

Dated: November 17, 2025  Respectfully submitted,

*s/Andrew D. Barr*
Martine T. Wells, #42340
Andrew D. Barr, #49644
GREENBERG TRAURIG, LLP
1144 15th Street, Suite 3300
Denver, Colorado 80202
Tel: 303-572-6500
Fax: 303-572-6540
Email: martine.wells@gtlaw.com
 andrew.barr@gtlaw.com

David D. Powell Jr., #16152
GARNETT POWELL MAXIMON BARLOW & FARBES
1125 17th Street, Suite 2200
Denver, CO 80202
Tel: 303-991-3344
Email: david.powell@garnettlegalgroup.com

*Attorneys for Defendant HCA-HealthONE LLC d/b/a The Medical Center of Aurora*

16

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on November 17, 2025, I electronically filed a true and correct copy of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS [ECF #411]** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Jennifer C. Robinson
ROBINSON & ASSOCIATES LAW OFFICES LLC
7900 East Union Avenue, Suite 1100
Denver, CO 80237
Telephone: (303) 872-3063
Fax: (303) 766-9237
Email: jrobinson@raemployment.com

Lisa R. Sahli
LISA R. SAHLI, ATTORNEY AT LAW LLC
P.O. Box 270834
Littleton, CO 80128
Telephone: (720) 545-1690
Email: Sahlilaw@gmail.com

Robert M. Liechty
ROBERT M. LIECHTY PC
1800 Gaylord St.
Denver, CO 80206
Telephone: (303) 861-5300
Fax: (303) 861-2746
Email: rliechty@crossliechty.com

Brian P. Sanford
Elizabeth J. Sanford
THE SANFORD FIRM
2711 Hibernia Street
Dallas, TX 75204
Telephone: (214) 717-6653
Fax: (214) 919-0113
Email: bsanford@sanfordfirm.com
       esanford@sanfordfirm.com

*Attorneys for Plaintiff*

                                                    *s/Andrew D. Barr*
                                                    Andrew D. Barr

716139565