IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-CV-00986-CNS-STV

DONQUENICK YVONNE JOPPY,

     Plaintiff,

v.

HCA-HEALTHONE, LLC d/b/a THE MEDICAL CENTER OF AURORA,

     Defendant.

_____

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REASONABLE FEES
AND RELATED NON-TAXABLE EXPENSES**

_____

A.    INTRODUCTION.

Plaintiff achieved complete vindication in this case: a unanimous jury awarded $20 million in compensatory and punitive damages on her race-discrimination and retaliation claims—claims that are exceptionally difficult to win and required extensive preparation, sophisticated strategy, and seasoned trial skills covering almost four years of contentious litigation. Against that backdrop, Defendant challenges the hours as excessive, the rates as unreasonable, the attorneys as duplicative and the work as unnecessary, while also raising technical objections about formatting and billing structure that do not undermine the lodestar or the reasonableness of the fees sought. None of its arguments provide any basis to discount the substantial, carefully executed work that produced the largest employment civil-rights verdict ever awarded in this District.

B.    Plaintiff's Billing Entries Do Not Justify Any Reduction.

TMCA's objections to Exhibit 2 do not support any reduction. The exhibit is exactly what *Hensley*, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983), *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243 (10th Cir. 1998), and *Cadena v. Pacesetter Corp.*, 224 F.3d 1203 (10th Cir. 2000), require: a consolidated set of contemporaneous time entries that identifies each task, the date it was performed, who performed the task and the corresponding time. TMCA's own conduct confirms Exhibit 2 is fully adequate: in its footnote one, TMCA admits it converted the PDF into Excel, sorted and filtered the data, and used it to create Exhibits A–C. Nothing in Exhibit 2 prevents meaningful review of what work was performed or whether the hours were reasonable, and none of TMCA's points justify any reduction.   The use of reconstructed time records is permissible in this

district, *Carter v. Sedgwick County, Kan.*, 929 F.2d 1501, 1506 (10th Cir. 1991).

Moreover, Mr. McKnight's entry on 10/2/25 ("REM" column) states that he "[d]esign[ed] [the] consolidated time entries Exel" and that he then imported each lawyer's time entries into the consolidated chart. The 10/2/25 entry also makes clear that once he imported the entries, he used the spreadsheet's date-sort feature to put the entries into chronological order. Each lawyer submitted their entries as recorded, and each provided a sworn declaration attesting to their accuracy. *See*, *e.g.*, *Stella v. Davis Cnty.*, 2023 WL 5334427, at *6 (D. Utah Aug. 18, 2023) ("[i]nsofar as Defendant contends Plaintiffs must provide the exact time records they produced contemporaneously with their work (rather than a sworn-to spreadsheet summary) the court also rejects this argument"), *aff'd*, 2024 WL 4764694 (10th Cir. Nov. 13, 2024).

TMCA's technical criticisms—how the spreadsheet was formatted, whether tasks appear in one row or several, whether time increments were listed in parentheticals or whether ECF numbers were later added to help correlate tasks with filings—do not undermine the contemporaneous descriptions themselves. Nor does the fact that different lawyers use different billing increments; the Tenth Circuit has never required uniform methods and there is no federal standard requiring attorneys to use only one method. See, e.g., *Cobell v. Norton*, 407 F. Supp. 2d 140, 155 (D.D.C. 2005) ("this Court does not share defendants' obsession with the medium in which plaintiffs' time records were entered or with the fact that abbreviated notations were clarified and mistakes corrected to assist the Court's review").

TMCA's challenge to Plaintiff's billing entries rests on minor technical quibbles that

do not undermine the accuracy, contemporaneity, or reliability of the records. The few clerical or formatting variations as well as the two clerical misattributions between Sahli and Leichty (see Exhibit 14) are neither unusual nor legally significant and do not impair the Court's ability to evaluate the work performed. Accordingly, because Exhibit 2 fully satisfies the Tenth Circuit's documentation requirements and permits straightforward judicial review, TMCA's objections provide no basis for reducing the lodestar in any amount.

C.    <u>Block Billing Is Not Per Se Prohibited and TMCA's Examples Do Not Support Any Reduction, Let Alone a 25% Across-the-Board Reduction</u>.

TMCA's argument for a 25% across-the-board reduction hinged on the claim that Plaintiff's counsel used "block billing." But the Tenth Circuit has squarely held that **block billing is not per se prohibited**. *Cadena*, 224 F.3d at 1215. The only question is whether the entries "sufficiently allow[] the court to determine the time allotted … and the reasonableness of that time." *Id.* TMCA does not—and cannot—show otherwise.

TMCA relies heavily on the assertion that 250 hours listed in its Exhibit A are "vague" or "block billed." But its list is simply a set of entries lifted out of context. Courts have repeatedly rejected this approach. *See Hensley*, 461 U.S. at 437 (lawyers need not record "each minute" in detail); *Berberena v. Coler*, 753 F.2d 629, 634 (7th Cir. 1985) (entries only appear vague "when read in isolation"); *Nat'l Lab. Rels. Bd. v. Bannum, Inc.*, 102 F.4th 358, 363 (6th Cir. 2024) ("brief" descriptions can be reasonable when viewed in context). TMCA does not identify a single entry in its Exhibit A that prevented it—much less the Court—from understanding the work performed.

TMCA's examples also fail on their face.

• **January 18, 2023 (3.0 hours)**—Meeting with Ms. Hoskins and reviewing statutory materials were part of the same ongoing task concerning the Board of Nursing issues, with related entries immediately before and after. This is not block billing; it is a single, integrated subject of work.

• **November 12, 2024 (4.8 hours)**—Work on the Final Pretrial Order necessarily included the exhibit list, back-pay analysis, deposition review for witness summaries, and communication with the client. These are all components of one required filing; combining them is not improper.

• **February 26, 2024 (8.2 hours)**—Even if communication with opposing counsel was unrelated to the motion for sanctions, the combined entry still "sufficiently allows the Court to determine" the reasonableness of time spent on each task. *Cadena*, 224 F.3d at 1215. The Court has the motion for sanctions and can readily see that the overwhelming bulk of the 8.2 hours relates to that filing.

• **June 30, 2025 (5.0 hours)**—Preparing for a focus group, discussing results with the trial team, and incorporating feedback into the opening statement are steps of a single, continuous trial-preparation process. Courts consistently hold that combining related steps in developing one work product is not block billing. *Seals v. McBee*, 2018 WL 6815067, at *5 (E.D. La. Dec. 4, 2018), *report and recommendation adopted sub nom. Seals v. McGee*, No. CV 16-14837, 2018 WL 6812463 (E.D. La. Dec. 27, 2018).

TMCA also compares Ms. Robinson's pretrial preparation entry with Mr. Sanford's more granular description. But the law does not require identical levels of detail across

counsel, particularly for trial preparation—work that does not neatly break into discrete, spreadsheet-friendly tasks. *See Mattenson v. Baxter Healthcare Corp.*, 2005 WL 1204616, at *5 (N.D. Ill. Feb. 11, 2005) (entries listing "preparation for trial" are sufficient); *Olibas v. Native Oilfield Servs., LLC*, 104 F. Supp. 3d 791, 812 (N.D. Tex. 2015) (generic descriptions evaluated in context are adequate), *aff'd sub nom. Olibas v. Barclay*, 838 F.3d 442 (5th Cir. 2016). There was no need to apportion time by claim because Plaintiff prevailed on both.

Finally, TMCA's footnote asserting "250 hours" of supposedly vague entries simply confirms its error. It generated that list by pulling entries out of context—precisely what *Hensley* and *Berberena* caution against. TMCA does not identify any entry in that list that prevented review or inflated the lodestar. Without such a showing, the list has no legal significance and cannot justify any reduction. In short, none of TMCA's examples reflect improper block billing, and none impair the Court's ability to assess reasonableness. The entries comply with Tenth Circuit standards, and no reduction—let alone a 25% cut—is warranted.

D.    TMCA's Expert-Related Objections Provide No Basis to Exclude Fees or Costs.

TMCA argues the fees and costs related to Ms. Sherrod and Dr. Chambers must be excluded because neither testified, and the time involving attorney Hollynd Hoskins is unrecoverable because she was not disclosed as an expert. None of these arguments has merit. Dr. Chambers was designated in the Final Pretrial Order, and her opinions on nursing practice materially informed counsel's understanding of the clinical issues that shaped trial preparation. (Doc. 411-1 at 9 ¶ 33.) This case is nothing like *Vialpando v.*

*Johanns*, 619 F. Supp. 2d 1107 (D. Colo. 2008), where the excluded expert addressed an unsuccessful, unrelated claim. Ms. Sherrod's remaining time is likewise recoverable: although Plaintiff already removed 17.1 hours tied solely to the motion to strike, her expertise in HR policies and internal investigations directly informed counsel's analysis of TMCA's handling of the complaints and trial examination themes−precisely the type of work courts have allowed even when an expert does not testify. *Worldwide Network Servs., LLC v. Dyncorp Int'l, LLC*, 2008 WL 4372706, at *5 (E.D. Va. Sept. 22, 2008). TMCA's argument regarding Ms. Hoskins is simply incorrect: she was never disclosed as an expert, her fees were listed as consulting fees, and she appeared in the Final Pretrial Order as a potential non-expert witness. TMCA cites no authority barring recovery for expert or consulting work that materially supported trial preparation; its objections provide no basis for exclusion.

Similarly, TMCA seeks to exclude all time associated with Ms. Joppy's Rule 702 motions on the ground that she "lost each of these issues" (Doc. 412 at 10). The loss of a motion should never, by itself, be a sufficient reason to exclude time spent on the motion. *Burton v. Nilkanth Pizza Inc.*, 20 F.4th 428, 433 (8th Cir. 2021). Hence, a court might legitimately exclude time "that efficient counsel would not have invested … in litigating marginal issues." *United States v. One Star Class Sloop Sailboat Built in 1930 with Hull No. 721, Named "Flash II"*, 546 F.3d 26, 40 (1st Cir. 2008). Ms. Joppy's counsel did not raise "marginal" issues with no plausible chance of success, and TMCA does not argue that Plaintiff had no plausible chance, only that Plaintiff did not succeed. The Court should not, on that basis, exclude all time associated with her Rule 702 motions.

E.    Objection Based on the Claim for Malicious Prosecution.

TMCA wrongly claims that Ms. Joppy's §1981 claim did not share a common core of facts with her malicious-prosecution claim, and all time "related" to that claim should be excluded. (Doc. 412 at 11.) But Ms. Joppy already excluded all time spent solely on the malicious-prosecution claim, which is all the law requires. (Doc. 411 at 6.) The factual record surrounding Ms. Joppy's termination overlapped with the facts she relied on for the malicious-prosecution claim. When claims arise from overlapping factual narratives, time spent developing those shared facts is compensable—not excluded. *See, e.g., Roberts v. Roadway Exp., Inc.*, 149 F.3d 1098, 1111 (10th Cir. 1998); *Zinna v. Congrove*, 2019 WL 1236725, at *1 (D. Colo. Mar. 18, 2019). TMCA offers no analysis to support its contrary assertion. Its challenge should be rejected.

F.    TMCA's Overstaffing Argument Fails Because It Identifies No Duplication and Ignores the Demands of This Case.

TMCA's claim that having five attorneys prepare for and attend trial was "excessive" has no merit. The Tenth Circuit is clear: "there is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work." *Anchondo v. Anderson, Crenshaw & Assocs., L.L.C.*, 616 F.3d 1098, 1105 (10th Cir. 2010). TMCA does not identify a single entry showing duplicative work. The hours billed—Ms. Robinson (154.2), Ms. Sahli (99.2), Mr. Sanford (117.1), Ms. Sanford (97.0), and Mr. Liechty (54.45)—reflect distinct roles, as detailed in Ms. Robinson's declaration. (Doc. 411-1 at 4–6.) Absent proof of duplication, its objection fails under *Anchondo*.

Nor was this a routine employment case. Preparing for trial required absorbing a substantial factual record, voluminous exhibits, medical and nursing issues, deposition analysis, witness preparation, and daily strategic decisions about how to present the case most persuasively. Plaintiff's counsel bore the full burden of structuring a coherent, compelling presentation that ultimately produced a $20 million verdict. Concentrated, non-overlapping work across a five-lawyer team was both necessary and efficient. TMCA identifies no "excess time," and the record shows none. No reduction is warranted.

G.    <u>TMCA Fails to Identify Any Excessive Time Entries Warranting a Reduction</u>.

TMCA claims Ms. Robinson spent "approximately 149 hours" preparing a 30-minute opening statement, but cites no entries supporting that figure. A fee objection unmoored to specific time entries is not a basis for reduction, particularly where trial-prep tasks naturally overlap and "attorneys do not necessarily prepare for these events by completing discrete tasks that are easily entered into a spreadsheet." *Stella*, 2023 WL 5334427, at *8. TMCA does not identify which entries it counted or how it purported to distinguish opening-statement work from other trial-preparation tasks; its unsupported tally cannot justify a reduction. Its separate assertion that Plaintiff seeks fees for "time spent by new attorneys familiarizing themselves with the case" likewise cites no entries at all, rendering the objection meritless. Without specific, challenged entries, there is no basis for any reduction—let alone the 25% TMCA seeks.

H.    <u>TMCA's Objections to Plaintiff's Hourly Rates Lack Merit</u>.

TMCA asks the Court to reduce Ms. Robinson's rate to $650, Mr. Sanford's to $750, and paralegal Burton's to $200, but the record does not support any reduction.

Three experienced Denver employment-law practitioners—Killmer, Culver, and Lebsack—each attested that $720/hour is a reasonable Denver market rate for Ms. Robinson. (Docs. 411-10 at ¶¶ 10, 13, 15; 411-11 at ¶¶ 11‑12, 16; 411-12 at ¶ 18.a.) TMCA offers no counter-affidavits, relying instead on isolated cases involving attorneys with far less comparable skill or civil-rights trial experience. Mr. Sanford likewise seeks Denver—not Dallas—rates, and the unrebutted testimony from Killmer, Culver, Lebsack, and Wood confirms that $1,000/hour is consistent with what Denver firms bill for highly experienced employment-law trial counsel. (Docs. 411-10 at ¶ 14; 411-11 at ¶ 12; 411-12 at ¶ 18.d; 411-13 at ¶ 12.) For paralegal Burton, Denver courts have approved rates of $225‑$250/hour, making her $220/hour rate plainly reasonable. *See Interstate Restoration, LLC v. Marriott Int'l, Inc.*, No. 21-CV-01380-NYW-JPO, 2024 WL 4661345, at *7 (D. Colo. Oct. 31, 2024), *appeal dismissed*, No. 24-1127, 2025 WL 1727520 (10th Cir. June 20, 2025). In short, Plaintiff submitted multiple sworn declarations establishing that each requested rate aligns with prevailing Denver market rates; TMCA submitted none. Selective citations to unrelated cases cannot overcome the governing rule: courts must base rates on "what the evidence shows the market commands for civil rights or analogous litigation." *Case*, 157 F.3d at 1255. The requested rates should be approved.

I.  The Objection to Costs.

For the reasons explained above, the fees related to Ms. Sherrod and Dr. Chambers are recoverable, and associated costs should be awarded; TMCA's claim that Ms. Hoskins was an undisclosed expert is incorrect and provides no basis to exclude her consulting costs. Ms. Hoskins was disclosed as a fact witness and provided invaluable

information on the medical aspects of the case. TMCA also objects to in-town travel costs, but Ms. Sahli attested that her firm—and others in this market—routinely bill such expenses to paying clients. (Doc. 411-4 at ¶ 9.) Plaintiff acknowledges TMCA's objection to the Sanfords' travel and withdraws those travel costs rendering the objection moot.

J.    The Objection to Post-Judgment Interest.

TMCA incorrectly asserts that Ms. Joppy seeks $2,745,161.64 *as* prejudgment interest. She seeks prejudgment interest *on* fees and costs that then totaled $2,745,161.64 (Doc. 411 at 16) (now adjusted). Under controlling precedent, interest should accrue from the date they are "meaningfully ascertained and included in a final, appealable judgment." *MidAmerica Fed. Savings & Loan Ass'n v. Shearson/Am. Exp., Inc.*, 962 F.2d 1470, 1476 (10th Cir. 1992).

K.    Supplemental Request for Fees on Fees.

Plaintiff also requests fees incurred in preparing this reply. As reflected in the accompanying supplemental declarations (Exs. 14 & 15), Plaintiff's counsel expended an additional 31.50 hours preparing this reply, and those hours are reasonable and fully compensable under Tenth Circuit precedent permitting recovery of "fees on fees." See *Anchondo,* 616 F.3d at 1103–04.

L.    Conclusion.

The billing records are complete and contemporaneous, the challenged entries are reasonable in context and the requested hourly rates are fully supported by unrefuted evidence of prevailing Denver rates. The Court should award $2,754,404.58 as detailed in Exhibit 14, for the exceptional effort required to obtain this extraordinary result.

Respectfully submitted this 1st day of December 2025.

ROBINSON & ASSOCIATES LAW OFFICE

/s/Jennifer Robinson
Jennifer Robinson
7900 E. Union Ave., Suite 1100
Denver, CO. 80237
Phone:   (303) 872-3063
jrobinson@raemployment.com
ATTORNEY FOR PLAINTIFF

<u>Certificate of Service</u>

On December 1, 2025, I served the foregoing document with all exhibits on all counsel of record via the Court's electronic filing system.

/s/ Jennifer Robinson, Esq.